EXHIBIT A

**EXHIBIT A**

# MetLife®

Metropolitan Life Insurance Company
One Madison Avenue, New York, New York  10010-3690

Metropolitan Life Insurance Company ("MetLife"), a stock company, will pay the benefits of this policy according to its provisions.

## Disability Income Insurance Policy

* **Noncancelable and Guaranteed Renewable to Age 65.  No Change in Premium Rates.**  This means that, as long as You pay the Premium on time, We cannot change Your policy, or its Premium rate as shown on page 3, until the first Premium Due Date on or after Your 65th birthday.

* **Renewal Privilege After Age 65 With Limited Benefit Period.  Premium Rates are Subject to Change.**  If You are Gainfully Employed for at least 30 hours per week as of the first Premium Due Date on or after Your 65th birthday, You may continue coverage under this policy, exclusive of any riders providing additional benefits, for as long as You remain so employed.  We will give You at least 45 days' advance Written notice of any change in Premium rates.  This privilege is explained on page 9.

* The Schedule of Benefits provided by this policy is shown on page 3.

We have issued this policy to You in consideration of the payment of the Premium and the statements made in Your Application.  Your Application is part of Your policy.

_Gwenn L. Carr_
Gwenn L. Carr
Senior Vice-President and Secretary

_C. Robert Henrikson_
C. Robert Henrikson
Chairman, President and Chief Executive Officer

**10-Day Right to Examine Policy.**  Please read this policy.  It is a legal contract between You and Us.  You may return the policy to Us or to the representative through whom You bought it within 10 days from the date You receive it.  If You return it within the 10-day period, the policy will be considered never to have been issued.  We will refund any Premium paid.

See Table of Contents on page 4.

Countersigned and delivered on _____By _____

You may call Us toll-free at 1-800-929-1492.

# Metropolitan Life Insurance Company

## Policy Schedule

| | |
|---|---|
| Effective Date: **JULY 3, 2009** | Policy Number: **6552675 AH** |
| Insured: **DASHA   RESNANSKY DDS** | Issue Age and Sex: **41       FEMALE** |

Monthly Benefit for Total Disability: $10,000    Elimination Period  90 days
Regular Occupation Period:    To Age 65
Accumulation Period:          180 days    Maximum Benefit Period:   To Age 65
                                         (See Table A in This Schedule)

| Benefit Provisions | | Annual Premium |
|---|---|---|
| Monthly Benefit for Total Disability | | $6,656.00 |
| Lifetime Benefit for Total Disability | IDI2000-PR/L45-TD | $0.00 |
| Monthly Benefit for Residual Disability With 36 Mos Recovery Benefit | IDI2000-PR/RDIS-REC3 | $1,904.00 |
| Presumptive Disability | IDIPE03-6 | $0.00 |
| Transitional Your Occupation Benefit | IDI2000-PE/TYO-A65 | $480.00 |



IDI2000-P/NC            5D   Nonsmoker                    OMNI ADVANTAGE

DIIAANN

# Metropolitan Life Insurance Company

## Policy Schedule

| | |
|---|---|
| Effective Date: **JULY 3, 2009** | Policy Number: **6552675 AH** |
| Insured: **DASHA   RESNANSKY DDS** | Issue Age and Sex: **41   FEMALE** |

| | |
|---|---|
| Policy Fee | $60.00 |
| Financial Documentation Adjustment | ($768.40) |
| Total Annual Premium | $8,331.60 |
| Total Premium For Initial Term | $719.02 |
| Monthly IDI Bank Draft | |

Endorsements and Riders to Your policy may change terms (including definitions, conditions, exclusions and limitations of coverage).  You should always check each Endorsement and Rider to confirm what coverage You have.

Table A     Maximum Benefit Period Varies By Age When Disability Begins

| Age When Disability Begins | Maximum Benefit Period |
|---|---|
| Before Age 61 | To Age 65 |
| At Age 61, before Age 62 | 48 Months |
| At Age 62, before Age 63 | 42 Months |
| At Age 63, before Age 64 | 36 Months |
| At Age 64, before Age 65 | 30 Months |
| At Age 65, before Age 75 | 24 Months |
| At or after Age 75 | 12 Months |

See Renewal Provision for Ages 65 and Greater
See Policy Wording for Benefits Payable Under Any Riders



DUPLICATE

IDI2000-P/NC          5D  Nonsmoker                OMNI ADVANTAGE

DIIAASA

# Table of Contents

Renewability............................................................................. 1
Schedule of Benefits................................................................ 3
Understanding this Policy........................................................ 5
Definitions................................................................................ 5
Benefits..................................................................................... 7
    Monthly Benefit for Total Disability.................................... 7
    Waiver of Premiums............................................................ 7
    Disability Because of Transplant Surgery........................ 8
    Rehabilitation...................................................................... 8
Recurrent and Concurrent Disability.................................... 8
Renewal Privilege if Employed After Age 65...................... 9
    Renewal Privilege.............................................................. 9
    Total Disability Benefit With Limited Benefit Period........ 9
    Premiums............................................................................. 9
Exclusions................................................................................. 9
    General Exclusions............................................................. 9
    Preexisting Conditions Exclusion..................................... 9
Premium and Reinstatement.................................................. 9
    Premium Payment............................................................... 9
    Grace Period........................................................................ 10
    Reinstatement...................................................................... 10
    Suspension During Military Service.................................. 10
    Suspension During Unemployment.................................. 10
Claims........................................................................................ 11
    Time of Loss........................................................................ 11
    Notice of Claim.................................................................... 11
    Claim Forms......................................................................... 11
    Proof of Loss........................................................................ 11
    Authorizations...................................................................... 11
    Examinations........................................................................ 12
    Time of Payment of Claim.................................................. 12
    Payment of Claims.............................................................. 12
    Beneficiary........................................................................... 12
    How to Change the Beneficiary......................................... 12
    Assignment.......................................................................... 12
General Provisions................................................................... 12
    The Contract......................................................................... 12
    Limitation on Agent's or Broker's or Other Person's Authority......................... 12
    Time Limit on Certain Defenses......................................... 13
    Misstatement of Age and Sex............................................ 13
    Legal Actions....................................................................... 13
    Conformity with State Statutes.......................................... 13
    Waiver of Policy Provisions................................................ 13
    Social Security..................................................................... 13

DUPLICATE

Riders providing additional benefits, special endorsements or exclusion riders, if any, follow page 13.

## Understanding This Policy

To make this policy clear and easy to read, We have left out many cross-references and conditional statements. Therefore, the provisions of the policy must be read as a whole. For example, the Exclusions on page 9 apply to all benefit provisions of this policy.

A policy term and a policy anniversary are measured from the Effective Date of the policy. For example, if the Effective Date is May 5, 2001, the first policy anniversary is May 5, 2002. If the policy term is 6 months, the first term ends November 4, 2001.

Read this policy to find out how to exercise Your rights. Instructions for submitting a claim can be found on page 11. If You want to change an address, or request any administrative action by Us, You should do so on the forms prepared for each purpose. You can get these forms from Your licensed insurance representative or one of Our local offices.

When You Write to Us, please give Us Your name, address and policy number. Please notify Us promptly of any changes. We will Write to You at Your last known address.

Checks, drafts or money orders may be drawn on a U.S. bank to the order of Metropolitan Life (or "MetLife"). They are received subject to the condition that they may be handled for collection in accordance with the practice of the collecting bank or banks. If We do not receive the full amount of any check, draft or money order, it will not constitute payment. All payments are to be made in U.S. currency.

## Definitions

**Accumulation Period** means the number of consecutive days during which the Elimination Period must be satisfied. The Accumulation Period is shown on page 3, and begins on the first day that You are Disabled.

**Age 65** means the first Premium Due Date that occurs on or after Your 65th birthday.

**Age 70** means the first Premium Due Date that occurs on or after Your 70th birthday.

**Application** means the Written application(s) for this policy, including any amendments thereto, and any application(s) for a policy change or reinstatement.

**Complications of Pregnancy** means:

1. Diseases of the mother which are not caused by pregnancy but which coexist with and are adversely affected by pregnancy, such as heart, kidney, lung and other similar diseases;

2. Maternal conditions caused by the pregnancy which make its treatment more difficult, such as placenta praevia, ectopic pregnancy, hemorrhage following delivery, or similar severe conditions; or

3. A cesarean section or a miscarriage.

This term does not include Physician-prescribed rest, false labor, morning sickness, occasional spotting, or other minor conditions associated with normal pregnancy.

**Disability** or **Disabled** means Total Disability that starts while Your policy is in force.

**Effective Date** means the date that the policy, or a rider, takes effect.

**Elimination Period** means the number of days of Disability which must elapse before benefits become payable for that Disability. These need not be consecutive days of Disability, but must occur within the Accumulation Period for the same or a related cause. No benefits are payable for the Elimination Period. Elimination periods are shown on page 3.

**Gainfully Employed** means actively engaged in an occupation for remuneration or profit.

**Impairment** means a loss of use or function that can be evaluated by medical means.


DUPLICATE

## Definitions (Continued)

**Injury** means an accidental bodily injury that occurs on or after the Effective Date of the policy and while Your policy is in force.

**Maximum Benefit Period** means the longest period of time for which We will pay benefits for any one period of Disability. Maximum Benefit Periods are shown on page 3.

**Physician** means a person who is:

1.  Legally licensed to practice medicine or psychology; or

2.  A duly licensed practitioner or therapist operating within the scope of his or her license.

A Physician can not be:

1.  You or anyone to whom You are related by blood or marriage;

2.  Anyone with whom You share a business interest; or

3.  Your employee.

**Preexisting Condition** means a Sickness or Injury for which, in the 5 years prior to the Effective Date:

1.  Medical advice or treatment or care was contemplated, or was recommended by or received from a Physician; or

2.  Symptoms existed that would cause an ordinarily prudent person to seek diagnosis, care or treatment.

**Premium** is shown on page 3 and is the amount required to keep Your policy in force.

**Premium Due Date** means the first day of each policy term.

**Regular Occupation** means Your usual occupation (or occupations, if more than one) in which You are Gainfully Employed at the time You become Disabled. If You are not Gainfully Employed at the time Your Total Disability begins, Regular Occupation shall then mean any occupation(s) for which You are reasonably fitted by Your education, training or experience.

**Regular Occupation Period** means the period of time as shown on page 3 which starts on the first day following the Elimination Period.

**Sickness** means sickness or disease that first manifests itself on or after the Effective Date of the policy and while Your policy is in force.

**Signed** means any symbol or method executed or adopted by a person with the present intention to authenticate a record. The signature may be transmitted by paper or electronic media, provided it is consistent with applicable law.

## Definitions (Continued)

**Total Disability** or **Totally Disabled** means that due solely to Impairment caused by Injury or Sickness, You are:

1. Before the end of the Regular Occupation Period shown on page 3:

   a. Prevented from performing the material and substantial duties of Your Regular Occupation;

   b. Not Gainfully Employed -- however, this requirement applies only after You have been Totally Disabled for 12 months; and

   c. Receiving appropriate care from a Physician who is appropriate to treat the condition causing the Impairment.

2. After the Regular Occupation Period shown on page 3:

   a. Prevented from performing any occupation for which You are or become reasonably fitted by Your education, training or experience;

   b. Not Gainfully Employed; and

   c. Receiving appropriate care from a Physician who is appropriate to treat the condition causing the Impairment.

We may waive the requirement of care from a Physician if Your Physician provides documentation acceptable to Us that continued care would be of no benefit to You.

**We, Us** and **Our** mean Metropolitan Life Insurance Company.

**Write, Written** or **Writing** means a record that may be transmitted by paper or electronic media, and that is consistent with applicable law.

**You** and **Your** mean the insured named on page 3.

## Benefits

**Monthly Benefit for Total Disability**

We will pay the Monthly Benefit for Total Disability shown on page 3 while You are Totally Disabled.

This benefit will start to accrue after the Elimination Period. We will pay the benefit while You remain Totally Disabled, but not beyond the Maximum Benefit Period. For periods of less than a month, benefits will be prorated based on a 30-day month.

If You die during a continuous period of Disability after benefits were paid for 12 months or more, an additional benefit, equal to the amount of the benefit payable for the last month of Disability, will be paid to Your beneficiary for each of the first 3 months after Your death. However, the total benefit payable for the 3 months after Your death shall not exceed $1000.

**Waiver of Premiums**

After the earlier of the date:

1. You have been Disabled for a period of 90 consecutive days; or

2. You satisfy the Elimination Period,

We will waive any Premium that becomes due while You remain Disabled. Your policy and its benefits will continue as if the Premium had been paid.

We will also refund to You any Premium that You paid that became due during the first 90 consecutive days of Disability, or the period during which the Elimination Period was satisfied.



DUPLICATE

IDI2000-P/NC

DCADWJ

## Benefits (Continued)

The Premium waived will be based on the frequency of payment in effect on the date Your Disability starts.

If Premiums are being waived, and benefits have been payable for 12 months or more, any Premiums due during the first 90 days after that period of Disability ends will be waived. This additional 90-day waiver of Premium will apply only once during a period of Disability, including Recurrent Disabilities. Thereafter, any Premiums due will be payable. If You do not pay the first Premium due by the end of its grace period, Your policy will end.

Waiver of Premium ends when You are no longer Disabled. When You are no longer eligible for waiver of Premium, You can continue Your policy by paying the next Premium that becomes due.

**Disability Because of Transplant Surgery**

If You are Disabled because You have had surgery, at least 6 months after the Effective Date, to transplant part of Your body to someone else, We will consider You Disabled due to Sickness.

**Rehabilitation**

While You are receiving monthly benefits for Disability, We will consider participating in the cost of an occupational rehabilitation program aimed at helping You to return to Gainful Employment. Such program may include, but is not limited to, an accredited program of professional retraining or recertification. The program may be at Your request or We may suggest it. We will continue to pay benefits to You based on terms that We agree on with You.

In no case will We continue benefits beyond the Maximum Benefit Period.

## Recurrent and Concurrent Disability

**Recurrent Disability**

If, after the end of a period of Disability for which Disability benefits have been paid, You become Disabled again, the later period of Disability will be deemed a Recurrent Disability, which is a continuation of the preceding period of Disability, unless:

1. You have been Gainfully Employed for at least 30 hours per week for at least 12 months following the end of the preceding period of Disability, if the Maximum Benefit Period for the Monthly Benefit for Total Disability is To Age 65 or longer; or

2. You have been Gainfully Employed for at least 30 hours per week for at least 6 months following the end of the preceding period of Disability, if the Maximum Benefit Period for the Monthly Benefit for Total Disability is shorter than To Age 65; or

3. The later period of Disability is due to a different or unrelated cause.

If either 1, 2 or 3 applies, the later period of Disability will be deemed a new period of Disability. A new Elimination Period must be satisfied before benefits start again, and a new Maximum Benefit Period will apply.

If the later period of Disability is deemed a Recurrent Disability, then it is not necessary for You to satisfy a new Elimination Period. However, Disability benefits paid for a Recurrent Disability are considered a continuation of the preceding period of Disability and will be subject to the Maximum Benefit Period that started with the preceding period of Disability. If the Maximum Benefit Period had ended with respect to the preceding period of Disability, no benefits will be payable for a recurrence of that Disability.

**Concurrent Disability**

If a Disability is caused by more than one Injury or Sickness, whether related or unrelated, which overlap for any time during a continuous period of Disability, We will pay benefits as if the Disability were caused by one Injury or Sickness.

## Renewal Privilege if Employed After Age 65--
## Total Disability Benefit With Limited Benefit Period

**Renewal Privilege**

Following the first Premium Due Date on or after Your 65th birthday, You may continue the coverage under this policy, exclusive of any riders providing additional benefits, as long as:

1.   You remain Gainfully Employed for at least 30 hours per week; and

2.   The Premium is paid on time.

You may exercise this privilege only while Your policy is in force and You are not Disabled.

We may require proof on each policy anniversary that You have continued to be Gainfully Employed for at least 30 hours per week during the 13 weeks immediately prior to that policy anniversary.

**Total Disability Benefit With Limited Benefit Period**

If You continue coverage under this privilege, benefits will be paid subject to the same provisions, limitations and exclusions in the policy.  The Maximum Benefit Period will be 24 months for Total Disability starting before Your 75th birthday.  If Total Disability starts after Your 75th birthday, the Maximum Benefit Period will be 12 months.

**Premiums**

The Premium will be based on:

1.   Your attained age, and will change on each policy anniversary based on Your attained age; and

2.   Your class on the Effective Date of the policy.

We may also change the Premium rate for Your policy as of any policy anniversary, but only if We change it for all policies in Your class.

## Exclusions

**General Exclusions**

We will not pay benefits for a Disability:

1.   Due to an act of war, whether declared or undeclared;

2.   Due to pregnancy or childbirth, but We will cover Disability due to Complications of Pregnancy;

3.   Due to any loss We have excluded by name or specific description;

4.   Due to Your committing, or attempting to commit, a felony;

5.   Existing while You are legally incarcerated or detained; or

6.   Caused by an intentionally self-inflicted injury.

**Preexisting Conditions Exclusion**

We will not pay benefits for a Preexisting Condition, except as described in the second paragraph of the Time Limit on Certain Defenses provision on page 13.  This exclusion does not apply to any condition that was disclosed, and that was not misrepresented, in the Application and was not excluded by name or specific description.

## Premium and Reinstatement

**Premium Payment**

The payment of the Premium shown on page 3, on or before the Effective Date, will keep the policy in force for the term which starts on the Effective Date.  At the end of any term while the policy has been in force, You may renew the policy for a further term (called a renewal term).  To renew, You must pay the Premium shown on page 3 by the Premium Due Date.

The last renewal term of the policy will end on the day before the first Premium Due Date on or after Your 65th birthday.  See Renewal Privilege if Employed After Age 65 on page 9 for renewal past this date.  Termination will be without prejudice to any continuous loss which commenced while the policy was in force.  Continuation of benefits is subject to the Maximum Benefit Period.

DUPLICATE

## Premium and Reinstatement (Continued)

All policy terms will begin at 12:01 A.M. and end at midnight Standard Time, where You live.

You may change the frequency of payment with Our approval.

If We accept a Premium for a period that extends beyond the end of the last renewal term, coverage will continue until the end of the period for which the Premium was paid. However, if Your age was misstated in the Application and coverage would not have continued, based on Your correct age, during the period for which the Premium was paid, Our liability will be limited to a refund of such Premium, without interest.

**Grace Period**
This policy has a 31-day grace period. This means that each Premium after the first may be paid up to 31 days after its due date. During the grace period, the policy will stay in force. If You become Disabled during the grace period while the Premium remains unpaid, We may deduct any unpaid Premium(s) from the benefits due You.

**Reinstatement**
If You do not pay the Premium before the end of the grace period, the policy will lapse. If We accept a Premium for reinstatement without asking You to complete an Application, then the policy is automatically reinstated. Otherwise, You may apply for reinstatement by completing an Application and paying all unpaid Premium(s). If the Application is approved, the policy will be reinstated as of the approval date. If We have not sent You a Written disapproval of the reinstatement Application within 45 days, the policy will be reinstated as of the date We received the Premium.

The reinstated policy will cover only a loss that results from an Injury that occurs or a Sickness that first manifests itself after the date of reinstatement. In all other respects You and We will have the same rights under the policy, subject to any provisions noted on or attached to the reinstated policy. Any Premiums We accept for a reinstatement will be applied to a period for which Premiums have not been paid.

**Suspension During Military Service**
If You enter full-time active duty in the military (land, sea or air) service of any nation or international authority, You may suspend this policy. But, You may not suspend the policy during active duty for training lasting 3 months or less. The policy will not be in force while it is suspended, and We will not accept Premiums for that period. Your policy will be suspended as of the date We receive Your Written request to suspend the policy. No privileges or options under this policy or any attached riders may be exercised during suspension. We will refund the pro rata portion of any Premium paid for a period beyond the date We receive your request. Premiums must be paid to the date of suspension.

If Your full-time active duty in the military service ends before the first Premium Due Date on or after Your 65th birthday, You may request that We place this policy back in force without evidence of insurability. Your coverage will start again when We receive:

1.   Your Written request to place the policy back in force; and

2.   The required pro rata Premium for coverage until the next Premium Due Date.

Your request and Premium payment must be received by Us within 90 days after the date Your active duty in the military service ends. Premiums will be at the same rate that they would have been had Your policy remained in force. The policy will not cover any loss due to an Injury that occurs or a Sickness that first manifests itself while the policy is suspended. In all other respects You and We will have the same rights under the policy as at the time before it was suspended.

**Suspension During Unemployment**
After this policy has been in force for at least one year from the Effective Date, You may suspend this policy if You:

1.   Become unemployed; and

2.   Receive 8 weeks of governmental unemployment benefits.

The policy will not be in force while it is suspended, and We will not accept Premiums for that period. No privileges or options under this policy or any attached riders may be exercised during suspension.

## Premium and Reinstatement (Continued)

The suspension will begin when We receive:

1. Your Written request to suspend the policy; and

2. Your certification that You are unemployed and that You have received 8 weeks of governmental unemployment benefits.

We will refund the pro rata portion of any Premium paid for a period beyond the date that the suspension begins. Premiums must be paid to the date of suspension.

After the end of a period of suspension, this policy may not be suspended again until 48 months have elapsed from the end of that period of suspension.

The suspension will end at the earlier of:

1. 6 months after the date of suspension, at which time You will be notified that the policy has been placed back in force and Premiums are now due; or

2. The date We receive Your Written request to end the suspension, subject to evidence satisfactory to Us that You are Gainfully Employed.

You will be required to pay the pro rata Premium for coverage until the next Premium Due Date. If this policy is suspended on the first Premium Due Date on or after Your 65th birthday, this policy will end at that time and cannot be renewed.

Premiums will be at the same rate that they would have been had Your policy remained in force. The policy will not cover any loss due to an Injury that occurs or a Sickness that first manifests itself while the policy is suspended. In all other respects You and We will have the same rights under the policy as at the time before it was suspended.

## Claims

**Time of Loss**   All losses must occur while Your policy is in force.

**Notice of Claim**   Written notice of claim must be given to Us at Our office within 30 days after a covered loss starts, or as soon thereafter as reasonably possible. Notice should include the name of the insured and the policy number.

**Claim Forms**   After We receive the Written notice of claim We will send You Our proof of loss forms within 15 days. If We do not, You will meet the Written proof of loss requirements if You send Us, within the time set forth below, a Written statement of the nature and extent of Your loss.

**Proof of Loss**   Written proof of loss satisfactory to Us must be sent to Us within 90 days after the end of each monthly period for which You claim benefits. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time. However, such proof must be furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required. As often as is reasonably necessary, We may require as part of the proof of loss financial proof such as personal and business income tax returns, income statements, accountant's statements and other proof acceptable to Us.

We may also require on a monthly basis, that You, and any Physician treating You, complete and Sign supplemental statements of claim.

**Authorizations**   We may require, as often as is reasonably necessary, that You provide authorizations for Us to obtain medical information, financial information, and any other information pertinent to Your claim.

## Claims (Continued)

| | |
|---|---|
| **Examinations** | At Our expense, as often as is reasonably necessary, We may require You to have an independent examination by a Physician of Our choice. |
| | At Our expense, as often as is reasonably necessary, We may require an audit of all Your business and financial records, by a financial examiner of Our choice. This may include examination of business and financial records for any business in which You have an ownership interest. |
| | At Our expense, as often as is reasonably necessary, We may have Our representatives conduct telephone or in-person interviews with You regarding Your claim. |
| **Time of Payment of Claim** | After We receive Written proof of loss, We will pay monthly the benefits due under the policy. |
| **Payment of Claims** | All benefits will be paid to You. But, if You are not legally competent to give a valid release, or if any benefit is payable to Your estate, We may pay up to $10,000 to anyone related by blood or marriage who We believe is entitled to it. If We make such a payment in good faith, We will not be liable to anyone for the amount We pay. |
| **Beneficiary** | The beneficiary is the person or persons to whom any benefits unpaid at Your death are payable. You may name a contingent beneficiary to become the beneficiary if all the beneficiaries die while You are alive. If no beneficiary or contingent beneficiary is named, or none is alive when You die, Your estate will be the beneficiary. While You are alive, You may change any beneficiary or contingent beneficiary. |
| | If more than one beneficiary is alive when You die, We will pay them in equal shares, unless You have chosen otherwise. |
| **How to Change the Beneficiary** | You may change the beneficiary or contingent beneficiary of this policy by Written notice or assignment of the policy. No change is binding on Us until it is recorded at Our office. Once recorded, the change binds Us as of the date You Signed it. This change will be without prejudice to Us as to any payment We make or action We take before We record the change. We may require that You send Us the policy to make the change. |
| **Assignment** | You may assign Your policy or any claim under it by Written assignment. No assignment is binding on Us until it is recorded at Our office. Once recorded, the assignment binds Us as of the date You Signed it. The assignment will be without prejudice to Us as to any payment We make or action We take before We record the assignment. We will not be responsible for the validity of any assignment. We may require that You send Us the policy to record the assignment. |

## General Provisions

| | |
|---|---|
| **The Contract** | This policy with riders, if any, and the Application make up the entire contract. All statements in the Application will be representations and not warranties. No statement will be used to contest the policy unless it appears in the Application. |
| **Limitation on Agent's or Broker's or Other Person's Authority** | No agent, broker, or other person except Our President, Our Secretary or Vice-President may:<br><br>1.  Make or change any contract of insurance; or<br><br>2.  Change or waive any terms of this policy.<br><br>Any change or waiver must be in Writing and Signed by Our President, Secretary, or Vice-President. |

## General Provisions (Continued)

**Time Limit on Certain Defenses**

After 2 years from the Effective Date of this policy, or of any policy change or reinstatement, no misstatements, except for fraudulent misstatements, made by You on the Application can be used to void this policy or such policy change or reinstatement, or to deny a claim under this policy or the policy change or reinstatement, for a Disability starting after the end of such 2-year period.

No claim for Disability starting after 2 years from the Effective Date of this policy, or of any policy change or reinstatement, will be reduced or denied on the grounds that a Sickness or physical condition had existed, but not manifested itself, before the Effective Date of this policy, or of such policy change or reinstatement, unless, on the date the Disability starts, that Sickness or physical condition was excluded from coverage by name or specific description.

**Misstatement of Age and Sex**

If Your age or sex is not stated correctly on Our records, the benefits under the policy will be those that the Premium You paid would have bought at Your correct age and sex.

**Legal Actions**

No legal action may be brought until 60 days after Written proof of loss has been provided to Us. No such action may be brought after the expiration of the applicable statute of limitations from the time Written proof of loss is required to be provided to Us.

**Conformity with State Statutes**

Any provision in this policy which, on the Effective Date, conflicts with the laws of the state in which You reside on that date is amended to meet the minimum requirements of such laws.

**Waiver of Policy Provisions**

Our failure to invoke or enforce a right We have reserved under the terms of this contract may not be deemed a permanent waiver of that right.

**Social Security**

No reduction in benefits shall be put into effect because of an increase in Social Security Disability benefits during a benefit period.

Copy of Application is attached.



**Metropolitan Life Insurance Company**

**Endorsement**

This endorsement is a part of the policy.

**Effective Date**   The Effective Date of this endorsement is the Effective Date of the Policy shown on page 3.

**Provisions**   1.   The Definition of Preexisting Condition is deleted.

2.   The Preexisting Conditions Exclusion in the Exclusions section is deleted.

3.   The second paragraph of the Time Limit on Certain Defenses provision in the policy, and in any riders included with the policy, is deleted.



Gwenn L. Carr
Senior Vice-President and Secretary

IDI2000-PE/NOPEC-FL

DUPLICATE

DDABUF

### Metropolitan Life Insurance Company

## Rider: Monthly Benefit for Residual Disability

This rider is a part of the policy if it is referred to on page 3.

**Effective Date**   The Effective Date of this rider is shown on page 3.

**Premium**   The Premium for this rider is shown on page 3.

**Definitions**   The definition of Disability or Disabled in Your policy is amended to read as follows:

> **"Disability** or **Disabled** means either Total or Residual Disability that starts while Your policy is in force."

**Residual Disability** or **Residually Disabled** means that due solely to Impairment caused by Injury or Sickness:

1.  Your Earnings are reduced by at least 20 percent of Your Prior Earnings; and

2.  You are receiving appropriate care from a Physician who is appropriate to treat the condition causing the Impairment; and

3.  You are not Totally Disabled, and are Gainfully Employed, but You are:

    a.  Prevented from performing one or more of the material and substantial duties of Your Regular Occupation; or

    b.  Performing the material and substantial duties of Your Regular Occupation, but are not able to perform them for more than 80 percent of the time normally required of You; or

    c.  Engaged in another occupation.

We may waive the requirement of care from a Physician if Your Physician provides documentation acceptable to Us that continued care would be of no benefit to You.

**Earnings** means income or compensation, payable as remuneration to You, for actual services You perform, or for goods or services provided by a business in which You have an ownership interest. This term includes salary, fees, profits or losses, commissions, bonuses and other payment for goods or services, which You or Your business render or provide.  Earnings are determined after deduction of normal and customary unreimbursed business expenses, but before deduction of any income taxes.

Earnings do not include:

1.  Income from dividends, interest, rent, royalties, annuities, or investments; or

2.  Income from deferred compensation plans, formal sick pay benefits, disability income policies, or retirement plans.

**Review Date** means each anniversary date of the start of a period of Disability.

**Index Month** means the June before the Review Date. The first Index Month is the June before the start of a period of Disability.



## Rider: Monthly Benefit for Residual Disability (Continued)

**CPI-W** means the Consumer Price Index for Urban Wage Earners and Clerical Workers for all items. It is published by the United States Bureau of Labor Statistics. If the CPI-W cannot be used or is not available, We will choose a suitable index to replace it. CPI-W will then mean the chosen index.

**Prior Earnings** means the greater of Your average monthly Earnings for the 3 calendar years immediately prior to the start of Your Disability, or for the 24 months immediately prior to the start of Your Disability, provided there is financial documentation satisfactory to Us.

After the start of a period of Disability, the Prior Earnings are increased each year, on the Review Date. The Prior Earnings will be multiplied by a factor equal to the CPI-W for the Index Month divided by the CPI-W for the preceding Index Month. The percentage increase in the Prior Earnings in any given year will not be more than 7% or less than 1%.

**Recovery** or **Recovered** means that following a period of Total or Residual Disability, for which total or residual benefits have been paid:

1. You are working full time performing all of the material and substantial duties of Your Regular Occupation. Full time means You are working at least as many hours as You worked before being Totally or Residually Disabled; and

2. Your Earnings continue to be reduced by at least 20 percent of Your Prior Earnings; and

3. Your Earnings are reduced directly and solely due to the same Impairment that caused the Total or Residual Disability.

**Benefits**      **Monthly Benefit for Residual Disability** --While You are Residually Disabled, We will pay a monthly benefit for Residual Disability, if the Elimination Period has been met (by Total Disability and/or Residual Disability).

The monthly amount of this benefit equals:

$$\frac{A-B}{A} \times \text{Monthly Benefit for Total Disability as shown on page 3}$$

"A" is Your Prior Earnings.

"B" is Your Earnings for the month for which Residual Disability is claimed. Such Earnings will not include income received for services You performed prior to the date Your Residual Disability started.

If Earnings for the month for which Residual Disability is claimed are 25 percent or less of Prior Earnings, We will consider "B" to be zero; that is, the full Monthly Benefit for Total Disability, as shown on page 3, will be payable.

For example, if Your Monthly Benefit for Total Disability is $1,000, and Your Prior Earnings are $2,000, and Your monthly Earnings for the month for which Residual Disability is claimed are $800; Your Residual Disability benefit would be computed as follows:

$$\frac{\$2,000-\$800}{\$2,000} \times \$1,000 = \$600$$

For periods of less than a month, benefits will be prorated based on a 30-day month.

### Rider: Monthly Benefit for Residual Disability (Continued)

During the first 6 months during which Residual Disability benefits are paid, the minimum monthly benefit for Residual Disability will be 50 percent of the Monthly Benefit for Total Disability.

In determining "A" and "B" above, the same accounting method (cash or accrual) must be used. Once chosen, the accounting method (cash or accrual) will be applied consistently to the formula above.

**Cost-of-Living Adjustment for Disability Benefits—**If a Cost-of-Living Adjustment for Disability Benefits (COLA) rider is included in Your policy, then in computing Residual Disability benefits, We will substitute the Adjusted Monthly Benefit for Total Disability, as defined in the COLA rider, for the Monthly Benefit for Total Disability.

The Residual Disability benefit will be payable starting on the day after the Elimination Period ends; however, We will not pay a Residual Disability benefit while We are paying You the Total Disability benefit.

We will continue to pay this benefit until the earlier of:

1.   The date You are no longer Residually Disabled; or

2.   The date the Maximum Benefit Period ends.

**Monthly Recovery Benefit—**A monthly Recovery benefit will be paid if You have Recovered.  The monthly amount of this benefit equals:

$$\frac{A-B}{A} \times \text{Monthly Benefit for Total Disability as shown on page 3}$$

"A" is Your Prior Earnings.

"B" is Your earnings for the month in which Recovery benefits are claimed.

In determining "A" and "B", the same accounting method (cash or accrual) that was used in determining the Residual Disability benefit will be applied.

**Cost-of-Living Adjustment for Disability Benefits—**If a Cost-of-Living Adjustment for Disability Benefits (COLA) rider is included in Your policy, then in computing the Recovery benefit, We will substitute the Adjusted Monthly Benefit for Total Disability, as defined in the COLA rider, for the Monthly Benefit for Total Disability.

A monthly Recovery benefit will be paid until the earliest of the following dates:

1.   Benefits have been paid for a period equal to the Elimination Period, plus the period for which Disability benefits had been paid;

2.   36 months of Recovery benefits have been paid;

3.   The Maximum Benefit Period ends; or

4.   You no longer satisfy the definition of Recovered.



DUPLICATE

## Rider: Monthly Benefit for Residual Disability (Continued)

**Proof of Earnings**

We may require proof from You, as often as is reasonably necessary, as to Your:

1. Prior Earnings; and

2. Earnings for each month for which a Residual Disability or Recovery benefit is claimed.

This may include financial proof such as Your personal and business income tax returns, income statements, accountant's statements or other proof acceptable to Us. We may require an audit of all Your business and financial records, by a financial examiner of Our choice. This may include examination of financial records for any business in which You have an ownership interest.

**Time Limit on Certain Defenses**

After 2 years from the Effective Date of this rider, no misstatements, except for fraudulent misstatements, made by You on the Application for this rider or the policy to which it is attached can be used to void this rider or deny a claim under this rider for a Disability starting more than 2 years from the Effective Date of this rider.

No claim for Disability starting after 2 years from the Effective Date of this rider will be reduced or denied on the grounds that a Sickness or physical condition had existed, but not manifested itself, before the Effective Date of this rider unless, on the date the Disability starts, that Sickness or physical condition was excluded from coverage by name or specific description.

**Termination**

This rider will end on the earliest of:

1. The date the policy ends;

2. The first Premium Due Date on or after Your 65th birthday; or

3. The date We receive Your Written request to end this benefit, in which case You must return the policy to Us. We will change the policy and return it to You.

*Gwenn L. Carr*

Gwenn L. Carr
Senior Vice-President and Secretary

**Metropolitan Life Insurance Company**

## Rider: Presumptive Total Disability

This rider is a part of the policy if it is referred to on page 3 of the policy.

**Date of Rider**  The Effective Date of this rider is shown on page 3 of the policy.

**Premium**  The Premium for this rider is shown on page 3 of the policy.

**Definitions**  **Presumptive Total Disability** means that You are presumed to be totally and permanently Disabled if an Injury or Sickness causes Your complete, irrecoverable and irreparable loss of:

1. The use of both hands, or both feet, or one hand and one foot;

2. The sight in both eyes;

3. Speech; or

4. Hearing in both ears.

**Benefits**  If You are Totally Disabled according to the definition of Presumptive Total Disability, We will:

1. Consider You to be Totally Disabled even if You are able to work and even if You are not receiving medical care from a Physician; and

2. Waive the Elimination Period, except with respect to any Social Insurance Offset Benefit rider included in Your policy.

Benefits for Presumptive Total Disability will be the Monthly Benefit for Total Disability shown on page 3 of the policy, and will be paid in place of any other Disability benefits. Benefits for Presumptive Total Disability will be payable while You remain Presumptively Totally Disabled, but not beyond the Maximum Benefit Period for this policy shown on page 3 of the policy.

**Time Limit on Certain Defenses**  After 2 years from the Effective Date of this rider, no misstatements, except for fraudulent misstatements, made by You on the Application for this rider or the policy to which it is attached can be used to void this rider or deny a claim under this rider for a Total Disability starting more than 2 years from the Effective Date of this rider.

No claim for Total Disability starting after 2 years from the Effective Date of this rider will be reduced or denied on the grounds that a Sickness or physical condition had existed, but not manifested itself, before the Effective Date of this rider unless, on the date the Total Disability starts, that Sickness or physical condition was excluded from coverage by name or specific description.

**Termination**  This rider will end on the earliest of:

1. The date the policy ends;

2. The first Premium Due Date on or after Your 65th birthday, or the fifth policy anniversary, if later; or

3. The date We receive Your Written request to end this benefit, in which case You must return the policy to Us. We will change the policy and return it to You.

*Gwenn L. Carr*

Gwenn L. Carr
Senior Vice-President and Secretary

DUPLICATE

IDIPE03-6

DDABRP
(2)

**Metropolitan Life Insurance Company**

## Rider: Transitional Your Occupation Benefit

This rider is a part of the policy if it is referred to on page 3.

**Effective Date**    The Effective Date of this rider is shown on page 3.

**Premium**    The Premium for this rider is shown on page 3.

**Definitions**    **Total Disability in Your Occupation** or **Totally Disabled in Your Occupation** means that, due solely to Impairment caused by Injury or Sickness, you are:

1. Prevented from performing the material and substantial duties of Your Regular Occupation, but Gainfully Employed in another occupation; and

2. Receiving appropriate care, from a physician who is appropriate to treat the condition causing the Impairment.

**Earnings** means income or compensation, payable as remuneration to You, for actual services You perform, or for goods or services provided by a business in which You have an ownership interest. This term includes salary, fees, profits or losses, commissions, bonuses and other payment for goods or services, which You or Your business render or provide. Earnings are determined after deduction of normal and customary unreimbursed business expenses, but before deduction of any income taxes.

Earnings do not include:

1. Income from dividends, interest, rent, royalties, annuities, or investments; or

2. Income from deferred compensation plans, formal sick pay plans, disability income policies, or retirement plans.

**Review Date** means each anniversary date of the start of a period of Disability.

**Index Month** means the June before the Review Date. The first Index Month is the June before the start of a period of Disability.

**Prior Earnings** means the greater of Your average monthly Earnings for the 3 calendar years immediately prior to the start of Your Disability, or for the 24 months immediately prior to the start of Your Disability, provided there is financial documentation satisfactory to Us.

After the start of a period of Disability, the Prior Earnings are increased each year, on the Review Date. The Prior Earnings will be multiplied by a factor equal to the CPI-W for the Index Month divided by the CPI-W for the preceding Index Month. The percentage increase in the Prior Earnings in any given year will not be more than 7% or less than 1%. CPI-W means the Consumer Price Index for Urban Wage Earners and Clerical Workers for all items. It is published by the United States Bureau of Labor Statistics. If the CPI-W cannot be used or is not available, We will choose a suitable index to replace it. CPI-W will then mean the chosen index.

**Other Disability Coverage** means all Disability coverage and benefits payable to You for a Disability and provided by:

1. Governmental agencies (e.g., Social Security Insurance Benefits);

2. Individual, association, or group Disability income coverage;

3. Formal employer provided sick pay plans, salary continuation plans, or other Disability income benefits;

4. Union welfare plans; or

5. Workers' compensation.



## Rider: Transitional Your Occupation Benefit (Continued)

**Monthly Transitional Your Occupation Benefits**

While you are Totally Disabled in Your Occupation, We will pay a monthly benefit for Total Disability in Your Occupation. This benefit will be the Monthly Benefit for Total Disability shown on page 3, and would be paid in place of any other Disability benefits.

**Cost-of-Living Adjustment for Disability Benefits**—If a Cost-of-Living Adjustment for Disability Benefits (COLA) rider is included in Your policy, then in computing Transitional Your Occupation benefits, We will substitute the Adjusted Monthly Benefit for Total Disability, as defined in the COLA rider, for the Monthly Benefit for Total Disability.

**Benefit Reduction at Time of Claim Based on Relationship of Earnings to Insurance**

Monthly benefits payable for Total Disability in Your Occupation will be reduced if the total of:

1.   Your Earnings in the month for which You are claiming Total Disability in Your Occupation; plus

2.   Benefits payable from Other Disability Coverage in the month for which You are claiming Total Disability in Your Occupation; plus

3.   The Monthly Benefit for Total Disability shown on page 3

exceeds Your Prior Earnings.

The reduced monthly benefit will be equal to the lesser of:

1.   A monthly benefit equal to: Prior Earnings; minus Earnings in the month for which You are claiming Total Disability in Your Occupation; minus Other Disability Coverage payable in the month for which You are claiming Total Disability in Your Occupation; or

2.   The Monthly Benefit for Total Disability shown on page 3.

In no event will monthly benefits under this provision be reduced:

1.   To less than $200 or 25 percent of the Monthly Benefit for Total Disability shown on page 3, whichever is greater; or

2.   Due to any cost-of-living adjustment in Other Disability Coverage made after that coverage first becomes payable.

Monthly benefits for Total Disability in Your Occupation will be paid to the earliest of:

1.   The date a period of Total Disability in Your Occupation ends;

2.   The date the Maximum Benefit Period ends; or

3.   The first Premium Due Date on or after Your 65th birthday.

**Time Limit on Certain Defenses**

After 2 years from the Effective Date of this rider, no misstatements, except for fraudulent misstatements, made by You on the Application for this rider or the policy to which it is attached can be used to void this rider or deny a claim under this rider for a Total Disability starting more than 2 years from the Effective Date of this rider.

No claim for Total Disability starting after 2 years from the Effective Date of this rider will be reduced or denied on the grounds that a Sickness or physical condition had existed, but not manifested itself, before the Effective Date of this rider unless, on the date the Total Disability starts, that Sickness or physical condition was excluded from coverage by name or specific description.



## Rider: Transitional Your Occupation Benefit (Continued)

**Termination**    This rider will end on the earliest of:

1.  The date the policy ends;

2.  The first Premium Due Date on or after Your 65th birthday; or

3.  The date We receive your Written request to end this benefit, in which case You must return the policy to Us.  We will change the policy and return it to You.



Gwenn L. Carr
Senior Vice-President and Secretary

DUPLICATE

**Metropolitan Life Insurance Company**

## Rider: Lifetime Monthly Benefit for Total Disability

This rider is a part of the policy if it is referred to on page 3.

**Effective Date**   The Effective Date of this rider is shown on page 3.

**Premium**   The Premium for this rider is shown on page 3.

**Benefit**   This rider provides a lifetime Total Disability benefit. We will pay this benefit during Your continuous Total Disability if:

1.   Such Total Disability starts before and continues until the first Premium Due Date on or after Your 65th birthday; and

2.   The benefits under Your policy have been paid during Your Total Disability.

This rider does not extend the Maximum Benefit Period for the policy, or for any other rider included with the policy.

**When Payable**

We will start to pay this benefit on the later of:

1.   The first Premium Due Date on or after Your 65th birthday; or

2.   The date the Monthly Benefit for Total Disability, as shown on page 3, ends.

We will pay it while You remain Totally Disabled for as long as You live.

Benefits will not be payable under this rider for any period for which benefits are payable under the Total Disability Benefit under Your policy.

**Amount of Benefit**

The monthly amount We will pay will be based on the Monthly Benefit for Total Disability shown on page 3. This amount, plus any applicable cost-of-living adjustment, will be multiplied by a factor determined from the table below to determine the monthly amount We will pay.

| Age at the Start of Total Disability | Factor |
|---|---|
| 45 or less | 1.00 |
| 46 | 0.95 |
| 47 | 0.90 |
| 48 | 0.85 |
| 49 | 0.80 |
| 50 | 0.75 |
| 51 | 0.70 |
| 52 | 0.65 |
| 53 | 0.60 |
| 54 | 0.55 |
| 55 | 0.50 |
| 56 | 0.45 |
| 57 | 0.40 |
| 58 | 0.35 |
| 59 | 0.30 |
| 60 | 0.25 |
| 61 | 0.20 |
| 62 | 0.15 |
| 63 | 0.10 |
| 64 or 65, but before the first premium due date on or after your 65th birthday. | 0.05 |

## Rider: Lifetime Monthly Benefit for Total Disability (Continued)

**Time Limit on Certain Defenses**

After 2 years from the Effective Date of this rider, no misstatements, except for fraudulent misstatements, made by You on the Application for this rider or the policy to which it is attached can be used to void this rider or deny a claim under this rider for a Total Disability starting more than 2 years from the Effective Date of this rider.

No claim for Total Disability starting after 2 years from the Effective Date of this rider will be reduced or denied on the grounds that a Sickness or physical condition had existed, but not manifested itself, before the Effective Date of this rider unless, on the date the Total Disability starts, that Sickness or physical condition was excluded from coverage by name or specific description.

**Termination**

This rider will end on the earliest of:

1.   The date the policy ends;

2.   The first Premium Due Date on or after Your 65th birthday; or

3.   The date We receive Your Written request to end this rider, in which case You must return the policy to Us.  We will change the policy and return it to You.

Gwenn L. Carr
Senior Vice-President and Secretary

Individual Disability Income



**MetLife®**

Metropolitan Life Insurance Company
New York, New York, 10010

## EXCLUSION RIDER

To be attached to and made part of policy number 6552675 AH, issued to:

RESNANSKY DDS, DASHA

Effective as of its date of issue, the policy described above is hereby amended to provide that, notwithstanding anything therein to the contrary, the insurance thereunder shall not cover, nor shall any payment be made for, loss resulting from:

Cesarean section or complications thereof.

*Gwenn L. Carr*

Gwenn L. Carr
Senior Vice-President and Secretary

The policy described above has had attached to it a copy of the above exclusion rider. The undersigned has read and understands said rider, and the policy is hereby accepted with the conditions set forth therein.

Signed and dated at _Miami Bch_ this _25th_ day of _June_ , 20 _09_

(Place)

Witness to signature _____

Signature of insured

**Instructions:** This form must be signed by the insured before delivery of the policy. It is to be signed, dated, and witnessed in ink only. The form is then to be detached and returned to MetLife. The copy that is bound in the policy must remain attached to the policy.

### Mail/Fax Information to:

MetLife
**IDI NEW BUSINESS**
PO Box 30591
TAMPA, FL 33630-3591
**Attention: Amendment/Rider Control**
Fax: 813-983-5550

Form AH62-52 (06-84)                                                DEABEP

**Metropolitan Life Insurance Company**

Name of Insured
**RESNANSKY DDS, DASHA**

Agency

Sales Office

Application Number
**709009115**
Date of this form
**07/03/2009**
Policy Number
**6552675 AH**

To: Metropolitan Life Insurance Company          **Application Amendment**

I amend the application referred to above, as follows:

**MetLife®**
Metropolitan Life Insurance Company
New York, New York, 10010

**Do Not Alter or Amend This Form**

```
The answer to question #3c on page 1 is Advanced Aesthetic Dentistry PA,
#3d on page 1 is Dental Care and Treatment
```

**This application amendment** is part of the application referred to above and is subject to the agreements in that application. The application and this amendment are part of the policy/contract to which they are attached.

To the best of my knowledge and belief, the statements and answers in the application as amended by this form are true and complete as of the date this form is signed. There are no facts or circumstances which would require a change in the answers in the application, except as shown above.

Signature of Insured          Date **6/25/09**          Signature of Witness          Date **6/25/09**

It is important that this signed document be returned to the IDI office within 30 days of receipt.  Send to:
**MetLife – Disability Income Unit**
**PO Box 30591**
**Tampa Fl 33630-3591**
**Attention: A/R Control**
**Fax: 813-983-5550**

DUPLICATE

0843-82-A (0694)

DEABEO

# MetLife®
Metropolitan Life Insurance Company
200 Park Ave., New York, NY 10166

**Application for Individual Disability Income Insurance Part A.**

**1.(a)** Proposed Insured

Full Name First/Given _DASHA_    Middle    Last/Surname _RESNANSKY_

Suffix (eg., Jr.) _DDS_   Prof. Desig.   (Maiden name if applicable)   Sex _F_   Date of Birth _03/11/68_   Age _41_

**(b)** State of Birth _Moscow    USSR_
(Country, if other than U.S.)

**(c)** Are you a United States citizen?   ☒ YES   ☐ NO

IF NO, how long have you been a resident of the United States?

_____ Years _____ Months
Status of your visa (if applicable)   ☐ Temporary   ☐ Permanent

**(d)** Social Security Number _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_

**(e)** Driver's License Number _R255-160-68-591-0_ State of Issue _Florida_

**(f)** Do you read and write English?   ☒ YES   ☐ NO

IF NO, primary language you read and write _____

**2.** Residence:

_4779 Collins Avenue    APT #1802_
Number             Street

_Miami Beach             Florida    33140_
City                State        Zip

**3.(a)** Business Address:

_1701 E. Hallandale Beach Blvd_
Number             Street

_Hallandale Beach        FL    33009_
City                State    Zip

**(b)** Mail correspondence to:   ☒ Home   ☐ Business

**(c)** Employer's or Business Name: _____

**(d)** Type of Business: _____

## Business Owners Only

**(e)** What is your percentage of ownership?
_100_

**(f)** How long have you been an owner?
_3 years_

**(g)** How long has the business existed?
_3 years_

**(h)** Number of employees in the business:
_3_

**(i)** How is the business organized?   ☐ Sole Proprietor   ☐ Partnership   ☐ C Corporation   ☒ S Corporation   ☐ PA   ☐ PC   ☐ LLC   ☐ LLP



DATA ENTRY
MAY 29 2009

IDIAPP06-1-FL    eF

**PAGE 1**

**Application for Individual Disability Income Insurance**

**4. (a)** Primary Occupation:

*PERIODONTICS , IMPLANTS, ORAL SURGERY*

**(b)** Your exact duties and the percentage of time devoted to each duty including amount and type of travel, foreign and domestic:

| | |
|---|---|
| *DENTAL IMPLANTS & ORAL SURGERY* | *80* % |
| *GENERAL DENTISTRY* | *20* % |
| | % |
| | % |

**(c)** How many employees do you supervise?

*2*

**(d)** How long have you been employed in your present occupation?

*13 YEARS*

**(e)** How long have you been employed by your present employer?

*3 YEARS*

If you answer No to question (f) or Yes to questions (g), (h) or (i), provide the information in the space allotted. If additional space is needed use the supplemental information section below and on page 10, if necessary.

**(f)** Are you actively at work at least 30 hours per week in the above occupation?  ☒ YES  ☐ NO

**IF NO,** give details. _____

**(g)** Do you have any other full or part-time jobs?  ☐ YES  ☒ NO

**IF YES,** please give duties, hours worked and travel required.

_____

**(h)** Do you plan to change jobs in the next six months?  ☐ YES  ☒ NO

**IF YES,** give details. _____

**(i)** Are your aware of any fact that could change your occupational status or financial stability?  ☐ YES  ☒ NO

**IF YES,** give details. _____

**Supplemental Information Section**



DUPLICATE

IDIAPP06-1-FL    eF

**PAGE 2**

**Application for Individual Disability Income Insurance**

**5. Base Disability Policy and Optional Benefits Applied For:**

☑ Omni Advantage   ☐ Omni Select   ☐ Omni Essential

Monthly Benefit $ 10,000   Premiums ☑ Level ☐ Step Rate
Maximum Benefit Period (years) ☐ 2 ☐ 5 ☑ To Age 65 (N/A for B) ☐ To Age 70*
Elimination Period (days) ☐ 60 ☑ 90 ☐ 180 ☐ 365** ☐ 730**

☐ **Additional Monthly Indemnity (AMI)**

Monthly Benefit $_____
Maximum Benefit Period (years) ☐ 2 ☐ 5 ☐ To Age 65 (N/A for B) ☐ To Age 70*
Elimination Period (days) ☐ 60 ☐ 90 ☐ 180 ☐ 365** ☐ 730**

**Disability Income Optional Benefits**

☐ Social Insurance Offset Benefit   Monthly Benefit $_____
   Elimination Period (days) ☐ 60 ☐ 90 ☐ 180 ☐ 365** ☐ 730**
☐ Guaranteed Insurability Option Amount* $_____
☐ Catastrophic Benefit Monthly Amount $_____
☐ Good Health Benefit/Refund of Premium
☑ Residual with Recovery Benefit* ☐ 24 mos. ☑ 36 mos.
☐ Residual without Recovery Benefit*
☐ Long-Term Care Guaranteed Purchase Option
☐ Cost Of Living Adjustment 3% Simple With Buy-Up
☐ Cost Of Living Adjustment 1-7% Compound With Buy-Up
☑ Lifetime (N/A in 3A,2A, A, B) ☐ Lifetime for AMI (N/A in 3A, 2A, A, B)
☐ Automatic Increase Benefit*
☐ Your Occupation (N/A in 4A, 3A, 2A, A, B) (N/A in Essential)
☑ Transitional Your Occupation (N/A in Essential)
   ☐ 5 year (N/A in 3A, 2A, A, B)   ☐ 10 year (N/A in 3A,2A, A, B)
   ☑ To Age 65 (N/A in 3A, 2A, A, B)
☐ Spousal Catastrophic
☐ Other_____

☐ **Priority Plus Disability Income Insurance***

Monthly Benefit $_____
Maximum Benefit Period (years) ☐ 2 ☐ 5 ☐ To Age 65 (N/A for B)
Elimination Period (days) ☐ 60 ☐ 90 ☐ 180 ☐ 365** ☐ 730**
☐ Social Insurance Substitute (SIS) Monthly Amount $_____
☐ Residual
☐ Supplemental Monthly Benefit (SMB) Monthly Amount $_____
Elimination Period (days) ☐ 60 ☐ 90 ☐ 180
☐ Additional Monthly Indemnity (AMI)
Monthly Benefit $_____
Benefit Period (years) ☐ 2 ☐ 5 ☐ To Age 65 (N/A for B) ☐ To Age 70*
Elimination Period (days) ☐ 60 ☐ 90 ☐ 180 ☐ 365** ☐ 730**

☐ **Business Overhead Expense Insurance**

   ☐ **Mortgage Comp Fixed Term Disability Income Insurance** (N/A for B)

Monthly Benefit $_____
Duration of Policy (years) ☐ 10*** ☐ 15 ☐ 20 ☐ 30
*Note: Applicant's Age + Duration Must Not Exceed Age 65*
Elimination Period (days) ☐ 60 ☐ 90 ☐ 180
Mortgage or Loan Date _____ Mortgage or Loan Amount $_____
% of Mortgage for which you are responsible _____%
Name and Address of Mortgage or Lending Institution:

DUPLICATE

☐ **Buy-Sell Insurance**

☐ **Retirement Savings Disability Income Insurance (RSDII)**

* (N/A  A,B)

** (365 & 730 - Not available with a 2yr B.P.)

*** Class A 10-year Duration Only

Complete the Spousal Catastrophic Supplemental Application ☞

Complete the BOE Supplemental Application ☞

Complete the Buy-Sell Supplemental Application ☞

Complete the RSDII Supplemental Application ☞

IDIAPP06-1-FL   eF

*"1X12ZX07X4X1007X3X14ZZ"*

**PAGE 3**

**Application for Individual Disability Income Insurance**

**6. (a)** Frequency of Premium Payment:  ☐ Annual   ☐ Semi-Annual   ☒ Monthly

**(b)** Mode of Premium Payment:   ☐ Direct (annual & semi-annual only)
☒ IDI Bank Draft (monthly only)   ☐ Payroll Deduction (multilife only)

**(c)** Will the entire premium for this policy be paid directly by your employer?   ☒ YES ☐ NO

**(d) IF YES,** will any portion of this premium be treated as taxable income to you?

_____ *100* _____ %

**7.** Amount paid with this Application/Supplement: $ _*719.02*_  or ☐ NONE
Is this amount equal to at least one month's premium?   ☒ YES ☐ NO

No Conditional Receipt for the Disability Income Insurance policy can take effect unless one month's premium for that policy is received.

**8.** Revocable Beneficiary

*Estate of Insured*

| Full Name | Relationship | Date of Birth |
|---|---|---|

**9.** Do you have or have available to you through your employer, or are you applying for any other type of:

**(a)** Individual, Association or Group disability income insurance coverage?   ☒ YES  ☒ NO

**(b)** Formal employer sick pay or Union disability income coverage not included in (a)?   ☐ YES  ☒ NO

**(c)** Business Overhead Expense or Buy/Sell Disability coverage?   ☒ YES ☐ NO

**IF YES,** to question 9a, 9b or 9c, complete the following using the following codes for Questions 9 and 10 to indicate "Type": G-Group; A-Association; E-Employer Sick Pay or Union; B-Business Overhead Expense; B/S-Buy/Sell Disability Coverage

Disability Coverage In Force, Applied For or Available Through Your Employer

| Company or Source | Type | Total Monthly Benefit | Social Insurance Offset | Issue Month/ Year | Elimination Period Accident | Elimination Period Sickness | Benefit Period Accident | Benefit Period Sickness |
|---|---|---|---|---|---|---|---|---|
| *Standard* | *IND* | *6,650* | *NO* | *Applied For* | *90* | *90* | *67* | *67* |
| *Standard* | *79* | *30,000* | *NO* | *Applied* | *30* | *30* | *18/no* | *18/no* |

**10.** Is the coverage being applied for: replacing, increasing or decreasing any existing insurance with MetLife or any other insurance company? If yes, complete the following:   ☐ YES  ☒ NO

Disability Coverage to be Replaced, Increased or Decreased

| Insurance Company Name and Address | Policy Number | Monthly Benefit | Type | Issue ←Month/Year→ | Termination → Month/Year | Premium Mode |
|---|---|---|---|---|---|---|
| | | | DUPLICATE | | | |
| | | | | | | |

IDIAPP06-1-FL   eF



**Application for Individual Disability Income Insurance**

## 11. Financial Information:

(Income as reported to IRS for Federal Income Tax Purposes)

|  | Current Year (Annualized) | Last Year | Two Years Ago |
|---|---|---|---|
| **Employee/Salaried Earnings** | | | |
| (a) Base Salary (W-2 Income) | $ *180,000* | $ *184,000* | $ *60,000* |
| (b) Commissions | $_____ | $_____ | $_____ |
| (c) Bonus, Profit Sharing or Incentive Payments | $_____ | $_____ | $_____ |
| **Owner/Shareholder Earnings** | | | |
| (d) Sole Proprietor net business earnings/losses | $_____ | $_____ | $_____ |
| (e) Partnership/S-Corporation net business earnings/losses | $ *896,000* | $ *928,975* | $ *285,162* |
| (f) Net share of corporate earnings/losses | $_____ | $_____ | $_____ |
| Total Earned Income (Sum of Lines a through f) | $_____ | $_____ | $_____ |
| **Other Income; Unearned Income** | | | |
| (g) Dividends and Interest | $ *6000* | $ *5625* | $ *5238* |
| (h) Net rental income before depreciation | $_____ | $_____ | $_____ |
| (i) Other (identify source)_____ | $_____ | $_____ | $_____ |

**Current Net Worth**

(j) Does your net worth exceed $5,000,000?        ☐ YES   ☒ NO

*(If "Yes" give details below. Amounts expressed to the nearest $100,000 are acceptable)*

| | Assets |
|---|---|
| Cash, Savings, Stocks & Bonds - - - - - - - - - - - - - - - - - - - - - - - | $_____ |
| Personal Property (such as jewelry, furnishings) - - - - - - - - - - - - - - - | $_____ |
| Personal Residence - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | $_____ |
| Other Real Estate - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | $_____ |
| Business Interest(s) - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | $_____ |
| Other (specify source) _____ - - - - - - - | $_____ |
| Less: **Indebtedness** - - - - - - - - - - - - - - - - - - - - - - - - - - - - | $_____ |
| Total | $_____ |



DUPLICATE

**Application for Individual Disability Income Insurance**

**(k)** Which tax forms are being submitted with this application?
☑ 1040s and all schedules   ☐ W-2s   ☑ Other _1120 5_

**(l)** In the past five years have you or any business in which you held at least a 5% interest filed for bankruptcy?   ☐ YES   ☑ NO
**IF YES, give details, including date of discharge, status and type.**

_____

_____

_____

**12. (a)** Have you: had a driver's license suspended or revoked in the last 3 years; been convicted of 3 or more moving violations; been convicted of driving while impaired or intoxicated?   ☐ YES   ☑ NO
**IF YES, give details, including date of discharge, status and type.**
**(b)** Other than above, have you been convicted of any felony or misdemeanor, or do you have any charges pending?   ☐ YES   ☑ NO
**IF YES, give details.**

_____

_____

_____

**13.** Has any application for a policy of Life, Health or Disability Insurance on you ever been postponed, rated, modified, declined, rescinded or required an extra premium?   ☐ YES   ☑ NO
**IF YES, give details.**

_____

_____

_____

**14. (a)** Please provide the status of any licenses required by your profession:
In Effect: _✓_   Not In Effect: _____   Not Applicable: _____
**(b)** If you indicated that your license is "In Effect" in response to Question 14(a), has your license ever been: subject to any disciplinary action, revoked, suspended, or are there any charges currently pending against your license?   ☐ YES   ☑ NO   ☐ NOT APPLICABLE

If you indicated that your license is "**Not in Effect**" in response to Question 14(a) or "**Yes**" to Question 14(b), please provide information in the space allotted below:

_____

_____

**15.** Have you flown as a pilot, student pilot, or crew member in the last 2 years or do you intend to do so in the next 12 months?   ☐ YES   ☑ NO
**IF YES, complete the Aviation Questionnaire.**

**16.** In the past 2 years, have you ever engaged in or do you plan in the next 2 years to engage in: Automotive, Motorcycle (including off road use) or Power Boat Racing; Bobsledding; Snowboarding; Skiing; Underwater Cave Exploration; Water Skiing; White Water Rafting; Spelunking; Ballooning; Scuba Diving; Sky Diving; Bungee Jumping; Hang Gliding (including Slope Soaring, Parakiting, Ultralighting, etc.); Mountain Climbing; Parachuting; Snowmobile Racing; Slalom Racing; Rodeo Activities; Karate or Martial Arts?   ☐ YES   ☑ NO
**IF YES, complete the Avocation Questionnaire.**

If you answered yes to any of these questions, please provide information in the space allotted. (Use Supplemental Information Section page 10, if necessary.)



IDIAPP06-1-FL   eF

**PAGE 6**

**Application for Individual Disability Income Insurance Part B**

### Statements By the Proposed Insured

**1. (a)** Height _5'6"_  **(b)** Weight _110_

**2.** How much time have you lost from work during the past 5 years because of accident or sickness? _4 weeks_ Give details below. ☐ None

**3.** Date you last used tobacco in any form: Date _____ Type _____
☒ Never used tobacco

**4. (a)** Please provide the name, address and phone number of your personal/primary care physician(s) as well as the date and reason for your last appointment. If none, check here ☐

| Name, Address and Phone Number | Date | Reasons for Appointment: Nature, Severity and Frequency of Symptoms; Diagnosis, Treatment and Current Status of Condition |
|---|---|---|
| _Russel Hoffman_ _576 Springfield Ave_ _Summit NJ 07901_ _908-223-7335_ | _2007_ | _Routine_ |
|  |  |  |
|  |  |  |

**(b)** In addition, in the past 5 years, has any Acupuncturist, Chiropractor, Mental Health Counselor, Health Facility, Physician, Practitioner, Psychiatrist, Psychologist, Social Worker, or Therapist medically examined or treated you?   ☐ YES   ☒ NO

Give details below for each instance:
**(Use Supplemental Information Section, page 10 if more space is needed)**

| Name, Address and Phone Number of each Acupuncturist, Chiropractor, Mental Health Counselor, Health Facility, Physician, Practitioner, Psychiatrist, Psychologist, Social Worker or Therapist | Date | Reasons for Appointment: Nature, Severity and Frequency of Symptoms; Diagnosis, Treatment and Current Status of Condition |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*1*1*2*07*4*1007*7*7*14*8*

**Application for Individual Disability Income Insurance**

If you answered yes to any of these questions, please provide information in the space allotted. (Use Supplemental Information Section page 10, if necessary.)

**5. Have you EVER** been diagnosed or treated by a licensed member of the medical profession for:

(a) Any disease or impairment of the heart; arteries or veins; chest pains; high (hypertension) or low (hypotension) blood pressure? ☐ YES ☒ NO

(b) Arthritis; any disease, impairment or deformity of the bones, muscles, tendons, or joints, including the spine; any neck or back problems or impairments; carpal tunnel syndrome; any auto immune diseases such as Lupus or Scleroderma? ☐ YES ☒ NO

(c) Any mental, nervous or emotional problem, condition or impairment, including anxiety, depression or stress? ☐ YES ☒ NO

(d) Stroke, embolism, thrombosis? ☐ YES ☒ NO

(e) Cancer, tumor or polyp? ☐ YES ☒ NO

(f) Diabetes, high blood sugar or low blood sugar (Hypoglycemia)? ☐ YES ☒ NO

(g) Any disease or impairment of the lungs or respiratory system, asthma, allergy, emphysema, or Chronic Obstructive Pulmonary Disease? ☐ YES ☒ NO

(h) Any disease or impairment of the liver, gall bladder, pancreas, digestive tract, including intestines; ulcer, colitis, hemorrhoids, or hernia? ☐ YES ☒ NO

(i) Memory loss, loss of concentration, fatigue, neurologic impairment, unconsciousness, loss of cognition, dizziness, paralysis or numbness, impairment of nervous system, epilepsy, seizures, migraine headaches or post polio syndrome? ☐ YES ☒ NO

(j) Any disease or impairment of the urinary tract or kidney; sugar, albumin or blood in urine? ☐ YES ☒ NO

(k) Any physical deformity or physical impairment? ☐ YES ☒ NO

(l) Any disease or impairment of the skin? ☐ YES ☒ NO

(m) Any disease or impairment of glands; anemia, leukemia, bleeding or clotting impairment or other blood impairments? ☐ YES ☒ NO

(n) Any disease or impairment of the prostate or testes; uterus, ovaries or breasts; pre-term labor or infertility? ☐ YES ☒ NO

(o) Any disease or impairment of the eyes, ears, mouth, nose or throat; any loss of vision or hearing? ☐ YES ☒ NO

(p) Endocrine impairments or goiter or disease or impairment of the thyroid gland? ☐ YES ☒ NO

(q) Any sexually transmitted disease? ☐ YES ☒ NO

(r) Adult Attention Deficit Disorder, Adult Attention Hyperactivity Disorder, Alzheimer's Disease, Chronic Fatigue Syndrome, Epstein-Barr Virus, Fibromyalgia, Lyme Disease, Myalgia or Encephalitis? ☐ YES ☒ NO

**6. Have you EVER:**

(a) Been advised by a licensed practitioner acting within the scope of his/her license to have any medical test or surgical operation that was not performed, or had any medical test or surgical operation performed, or gone to a hospital, doctor's office, clinic, dispensary or sanatorium for observation, examination or treatment; and this information has not been revealed by previous questions? ☐ YES ☒ NO

(b) Been advised by a licensed practitioner acting within the scope of his/her license to modify or restrict eating, drinking, or living habits because of any health conditions? ☐ YES ☒ NO

(c) Received medical treatment or advice by a licensed practitioner acting within the scope of his/her license for persistent cough, pneumonia, chest discomfort, muscle weakness, unexplained weight loss of 10 pounds or more, swollen glands, patches in the mouth, visual disturbance, recurring diarrhea, fever or infection? ☐ YES ☒ NO



**Application for Individual Disability Income Insurance**

**7. Have you EVER:**
been tested positive for exposure to the HIV infection or been diagnosed as having ARC or AIDS caused by the HIV infection or other sickness or condition derived from such infection? ☐ YES ☒ NO

**8. (a)** Are you currently disabled? ☐ YES ☒ NO

**(b)** Do you expect to miss at least 5 days or more of work in the next 12 months due to scheduled medical treatments or procedures? ☐ YES ☒ NO

**(c)** Have you received or applied for disability, workers' compensation, or military disability benefits from any source in the past 5 years? ☐ YES ☒ NO

**(d)** Are you pregnant? ☐ YES ☒ NO
**IF YES,** expected delivery date?_____

**(e)** Within the last five years, have you taken any prescription medications, over the counter herbal medications, or been advised by a licensed practitioner acting within the scope of his/her license to take any medications, or are you now taking any prescription medications or over the counter herbal medications? ☒ YES ☐ NO
**IF YES,** give details.
_____
_____

**9. Have you EVER:**
used illegal drugs; used prescription drugs other than as prescribed by a physician or other licensed practitioner; or received treatment or advice regarding the use of alcohol or drugs from a physician, other practitioner, or organization acting within the scope of that practitioner's or organization's license? ☐ YES ☒ NO

**10. For any "Yes" answer to Questions 5 through 9, give details:** (Use Supplemental Information Section if more space is needed)

*If you answered yes to any of these questions, please provide information in the space allotted. (Use Supplemental Information Section below and on page 10, if necessary.)*

| Item No. | Name, Address and Phone Number of each Acupuncturist, Chiropractor, Counselor, Health Facility, Physician, Practitioner, Psychiatrist, Psychologist, Social Worker or Therapist | Date | Reasons for Consultation: Nature, Severity and Frequency of Symptoms; Diagnosis, Treatment and Current Status of Condition |
|---|---|---|---|
| 8E | VARIOUS ANTI BIOTICS FOR Colds & Flue | | |
| | | | |
| | | | |
| | | | |

**(Supplemental Information Section for Applicant)**
Provide additional application information on this page. This information will be included in the Policy.

| | |
|---|---|
| | |
| | |
| | |
| | |



IDIAPP06-1-FL   eF

**PAGE 9**

**Application for Individual Disability Income Insurance**

**Supplemental Information Section for Applicant**
Provide additional application information on this page. This information will be included in the Policy.



**Application for Individual Disability Income Insurance**

## Agreement

I have read this application and any supplemental applications or amendments, and to the best of my knowledge and belief, I agree that: (a) All statements and answers are true and complete; and (b) All of the information is correctly recorded in the application; and (c) Such written statements may be relied on by MetLife in order to determine if I qualify for issue of a policy.

I understand that the application seeks full disclosure of the information sought; and that no one has the right to alter or exclude or to direct me to alter or exclude any information from the application.

I understand that paying my insurance premiums monthly may result in a higher yearly out-of-pocket cost than a less frequent premium mode.

I understand that this application, any paramedical application, and any supplemental applications or amendments will become a part of any policies issued as a result of this application.

I understand that MetLife will rely on the fact that coverage under any policies listed in Part A, Question 10 on page 4 will end on the Effective Date of Termination shown. If such coverage does not end at that time, any policy issued as a result of this application will be void from the beginning; all premiums will be returned; and no benefits will be payable. MetLife has the right to contact any listed insurer after the Effective Date of Termination to confirm that coverage has ended.

### Submission of Application Without Payment of Premium and Conditional Premium Receipt

The policy will not be in effect and MetLife will not have liability until (a) a policy is delivered and is accepted by me; and (b) the full first premium due is paid. The policy will then be in effect as of its date of issue if at the time it is delivered:

**(a)** the condition of my health, the amount of my income, and the status of my employment or occupation are the same as given in the application; and

**(b)** I, the proposed insured, have not received any medical advice or treatment from a physician or other medical practitioner since the date of this application.

If there are any exceptions to **(a)** or **(b)**, the policy will not be in effect and I will give MetLife details in writing.

### Submission of Application With Payment of Premium and Conditional Premium Receipt

If I submit (1) month's premium and receive a Conditional Premium Receipt at the time I sign and submit this Application, coverage under a policy and the Conditional Premium Receipt will not be in effect and MetLife will have no liability until either MetLife issues the policy as applied for by me, or MetLife issues the policy other than as applied for by me and which is accepted by me.

If I become disabled while the Conditional Premium Receipt is in effect, the Maximum Benefit Period for all disability benefits paid under a Disability Income Insurance Policy issued to me as a result of that disability is 24 months. If I become disabled during the same time period under the terms of a Business Overhead Expense Policy, there is a limitation as to the amount of expenses for which I will be reimbursed under the policy issued to me. If I become disabled during the same time period under the terms of a Disability Buy-Sell Insurance Policy, there is a limitation on the amount of the Buy-Out Benefit I will receive under the policy issued to me.

**Any person who knowingly, and with intent to injure, defraud, or deceive any insurer, files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.**

| Signature of Witness (Licensed Resident Agent) | Place | Mo.   Day   Yr. | Signature of Proposed Insured |
|---|---|---|---|
| X _(signature)_<br>Signature<br><br>DAVID B JABLEN   A305813<br>Printed Name        License Number | Hallandale Bch FL | 5/26/09 | X _(signature)_ |

IDIAPP06-1-FL   eF

**PART II**   **Check the appropriate company.**   Case/Policy # _709009115_

| **Paramedical/ Medical Exam** | ☒ Metropolitan Life Insurance Company<br>☐ MetLife Investors Insurance Company<br>☐ New England Life Insurance Company | ☐ Metropolitan Tower Life Insurance Company<br>☐ MetLife Investors USA Insurance Company<br>☐ General American Life Insurance Company |
|---|---|---|

The Company indicated above is referred to as "the Company."

The questions above are directed to the person to be examined. Record ONLY this person's answers in the spaces below.

1. Name of Proposed Insured _Dasha Krasnansky_   Date of Birth _3-11-1969_

2. Tobacco Use – Indicate date last smoked/used:
   Cigarette _____ ☒Never   Smokeless Tobacco _____ ☒Never   Cigar/Pipe _____ ☒Never
   Nicotine Substitute (i.e., Patch, Gum, etc.) _____ ☒Never   Amount/Frequency _____   How Long _____ yrs.

3. Please provide name of doctor, practitioner, or health care facility who can give us the most complete and up to date information concerning your present health. If **None**, check ☐.
   Physician Name _Dr. SaAntonio_   Name of Practice/Clinic _____
   Street _Address unknown_   City _____   State _____ Zip _____
   Phone Number _unknown_   Fax Number _____   Date Last Consulted _____
   Reason _1yr ago, routine physical results norm._
   Findings, treatment given, medication prescribed. If **None**, check ☒ _____

   Reasons, findings, earlier consultations past 5 years _none_

4. Height _5_ ft. _6_ in.   Weight _113_ lbs.   Change in weight in past 12 months? ☐ Yes ☒No
   If **Yes**, Pounds lost _____   Pounds gained _____   Reason _____

5. Have you EVER received treatment, attention, or advice from any physician, practitioner or health facility for, or been told by any physician, practitioner or health facility that you had:

   Details: List question number. Give: dates; duration/ description of condition; diagnosis; treatment; physician, practitioner or health facility names and addresses.

   a) High blood pressure; chest pain; heart attack; irregular heartbeat; peripheral vascular disease; or any other disease or disorder of the heart or circulatory system (blood vessels)?   ☐ Yes ☒No

   b) Asthma; bronchitis; pneumonia; emphysema; sleep apnea; shortness of breath; or any other disease or disorder of the lungs or respiratory system?   ☐ Yes ☒No

   c) Seizures; stroke; paralysis; Alzheimer's disease or other form of dementia; multiple sclerosis; memory loss; Parkinson's disease; progressive neurological disorder; headaches; or any other disease or disorder of the brain or nervous system?   ☐ Yes ☒No

   d) Ulcers; colitis; hepatitis; cirrhosis; pancreatitis; or any other disease or disorder of: the liver; pancreas; gallbladder; esophagus; stomach; spleen; or intestines?   ☐ Yes ☒No

   e) Any disease or disorder of: the breasts; reproductive organs; or the genitourinary system, including but not limited to: the kidney; bladder; or prostate; or blood, protein or pus in the urine?   ☐ Yes ☒No

   f) Diabetes; thyroid disorder; elevated cholesterol or other lipid disorder; or any other endocrine disease or disorder?   ☐ Yes ☒No

   g) Arthritis; gout; osteoporosis; or other disease or disorder of the: muscles; bones; spine (discs, back, neck); or joints?   ☐ Yes ☒No

   h) Cancer; tumor; polyp; or cyst? Any disease or disorder of the skin?   ☐ Yes ☒No

   i) Anemia; leukemia; or any other disease or disorder of the blood or lymph glands?   ☐ Yes ☒No

   j) Depression; stress; anxiety; or any other psychological or emotional disorder or symptoms?   ☐ Yes ☒No

   k) Any disease or disorder of the eyes, ears, nose, or throat?   ☐ Yes ☒No

DUPLICATE

EMED-13-05-FL   (12/05)  eF

**2**

|  |  |  |
|---|---|---|
|  |  | Details (Continued): |

6. Are you now, or within the past year, taking medication or receiving treatment? (Including over the counter medications, vitamins, herbal supplements, alternative therapies, etc.)   ☐ Yes ☑ No

7. Do you have any doctor's visits, medical tests, medical care, or surgery scheduled for the next six months?   ☐ Yes ☑ No

8. Other than the above, during the past five years have you had any:

   a) Checkup; consultations; electrocardiogram; chest x-ray; or other medical test?   ☐ Yes ☑ No

   b) Illness; injury; or health condition not revealed above; or have been recommended to have any: treatment; hospitalization; surgery; medical test; or medication?   ☐ Yes ☑ No

9. Have you:

   Have you ever tested positive for exposure to the HIV infection or been diagnosed as having AIDS or ARC caused by the HIV infection or other sickness or condition derived form such infection?   ☐ Yes ☑ No

10. a) Have you ever used heroin, cocaine, barbiturates, or other drugs, except as prescribed by a physician or other licensed practitioner?   ☐ Yes ☑ No

    b) Have you ever received treatment from a physician, practitioner, health facility or counselor regarding the use of alcohol, or the use of drugs; or been advised by a physician, practitioner, health facility or counselor to restrict the use of alcohol or drugs; or received treatment or advice from an organization that assists those who have an alcohol or drug problem?   ☐ Yes ☑ No

11. Do you exercise? ☑ Yes ☐ No   Type _Cardio_   How often? _5 x a wk._

12. Are you now pregnant? ☐ Yes ☑ No   If Yes, estimated date of delivery? _____

13. Has a parent or sibling ever had: heart disease; coronary artery disease; vascular disease; stroke/cerebrovascular disease; diabetes; cancer? (If Yes, indicate below.)   ☐ Yes ☑ No

| Relationship to Proposed Insured: | Age(s) if living | Age(s) at Death | State of Health (Specific Conditions) or Cause of Death Attach additional sheet(s) if necessary. |
|---|---|---|---|
| Mother |  | 44 | accident |
| father |  | 47 | accident |
| no siblings |  |  |  |

14. a) Do you currently use any assisted devices such as: a walker; wheelchair; long leg braces; cane; or crutches?   ☐ Yes ☑ No

    b) Do you need any assistance or supervision with any or all of the following activities: eating; bathing; dressing; walking; moving in/out of a chair or bed; toileting; continence or taking medication?   ☐ Yes ☑ No

    If Yes, provide details above.

DUPLICATE

I have read the answers to questions 2-14 before signing; they correctly reflect the answers given by me, and are true and complete to the best of my knowledge and belief. There are no exceptions to any such answers other than as written.

Any person who knowingly and with the intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

☞ Signature of Proposed Insured X _____   Date _6/4/09_

☞ Witness to Signature _Jill Bunny mA[phkb_   City and State _Miami Beach, FL_

EMED-13-05-FL

(12/05)   eF